The next case is Yurk v. Collins, number 24-2023. Mr. DeHakis, when you're ready. Thank you, Your Honor. May it please the Court, Kennedy DeHakis for Mr. Yurk. On behalf of Mr. Yurk, I do want to thank this Court for the opportunity to present his appeal. The Veterans Court here engaged in impermissible fact-finding and in doing so has deprived Mr. Yurk of any opportunity to challenge those facts because this Court, of course, does not have so. The Board found only that the record, as it now stands, did not support his testimony about the severity of his injuries. The Veterans Court, on the other hand, found that his testimony did not point to any records that may exist but that were not then put into the record. At the Veterans Court, he challenged the Board's entire failure to even mention the duty to assist and the Veterans Court found that it was not reasonably raised because the Veterans testimony, and I'm quoting here, did not refer to any records and said only that he was at port's mouth for observation for two months and that the Court is not persuaded that mention of this demonstrates that any records, in addition to the MEB and PEB reports, were outstanding. What the Court said and what the Board said are different. Whether testimony demonstrates that there are outstanding records is not the kind of analysis that this Court found is permissible when looking at reasonably raised issues. The Secretary highlighted Golden v. Collins, which was issued in December, and there the Court said that the Veterans Court is allowed to synthesize, analyze, and paraphrase the Board's decision, but it did not hold that the Court can make its own fact-finding. We think that this case is more in line with what happened in Stinson and Tadlock. There, Tadlock emphasized that because the Court's conclusion about the Veteran's condition, whether his symptoms were an undiagnosed illness, was not the only possible outcome, it should have ordered a remand. Likewise, in Stinson, the Court reiterated that questions of fact that are open to debate require a remand for the Board to resolve that debate. Can I ask you a question? In this case, how I'm reading the Veteran's opinion is that it looked at the record and identified a good number of documents that were from the two-month period that was mentioned by the Veteran, Mr. Yerke. There were five or six documents that were during that time period, and then they said there was nothing in the testimony that would suggest that there was additional records beyond those five or six documents. Am I misunderstanding? I just want to make sure. That's how I'm reading it, and I don't know that I see a fact-finding there, so tell me why you think there's a fact-finding. You're talking about the Veteran's Court's analysis? I am. Because you're asserting the Veteran's Court engaged in the fact-finding, and I'm telling you how I'm reading their opinion. Right. I understand, Your Honor. I'm focusing on page 14 of the appendix. The Veteran's testimony starting there did not refer to any records and said that he was held for observation. What the Veteran testified to on page 65 and 66 of the appendix is that he was held under medical observation for a considerable amount of time, I think upwards of two months. There's no findings by the Board that that did not happen. We know he was in Portsmouth for at least two months. They don't seem to dispute that. They seem to be saying, here are these medical documents that were created that are already in the record during that two-month time period. What the Veteran testified to was that he was under medical observation, which in our mind indicates or suggests that there was more than just what was in the record. There was only a handful of documents that were obtained by the VA from this time period. If he were, in fact, under medical observation for two, maybe three months, depending on the start and end times, we would expect there to be something more. Just because a specific record that they do have doesn't allude to any additional records doesn't mean that what the Veteran said doesn't support the presence of additional records. That's the fact-finding that the Court went into that the Board never did. What the Board said was only that what the Board had before it did not support what the Veteran testified to about the severity of his condition or his injury. If there were, in fact, additional records, that may change that fact-finding. But the credibility determination by the Board was not that he's entirely not credible. It was just that what he's talking about here, the severity of his condition, was not supported by what the evidence the Board then had. And so, the findings by the Board... Legal framework that the Veterans Court was operating under. It was operating under the legal framework that the duty to assist arises when records are identified, right? Correct, Your Honor. Okay. And that's really our point. And we talked about this quite a bit in our opening brief. And again, our reply brief, that these are the records identified as an inherently factual determination. Whether they even exist is another factual determination. And the Veterans Court was... The issue is the Board has to always decide that. Not always, Your Honor. The Veterans Court, when presented with the issue more clearly and directly, can't decide that question. When it's open to debate, they cannot, Your Honor. And that's what Golden held. And that's what Stinson and Tadlock, Stinson more so, held. Is that when there's a debate about this fact, the Board has to have the first say. And in Golden, I'm sorry, for instance, the Veterans Court made an observation that there was no evidence other than this one 2011 exam that linked the injuries or his disability to his service. And so when they're just observing an undisputed fact like that, then that's not impermissible fact-finding. But like in Stinson, and I just want to highlight, too, that this is in the context of whether the issue was reasonably raised. And I was not able to locate any case law that talks about fact-finding within that context. Stinson was pretty close because they were looking at an issue that was raised for the first time on appeal to the court, just like this one. But there's still underlying factual determinations that the Board has to make before the court does. And we think that these findings are open to debate and that because the Board didn't get a chance to look at it, the Veteran did not obtain, was unable to obtain any judicial review of these findings. Did Mr. York's testimony in any way refer to any missing records? Your Honor, he did not say there are missing records, if that's your question. What he did say was that he was under medical observation for two months and then he was moved to another base and then discharged. And the Board considered that, looked at that evidence, and concluded that there was no basis to rule in his favor. The Veterans Court then simply considered that in reviewing the entire record. They didn't make any findings of fact, they just considered the record. Why isn't this directly parallel to Golden? Because of what the Board said here, Your Honor, and what the record shows. The Board's finding, again, going back to page 78 of the appendix, the service history is entirely credible and finds that the Veteran's narrative is contradicted by the weight. This is referring to the severity of his injuries. Where is this? Page 78, Your Honor. Where on page 78? The last two paragraphs. Yeah, okay. And then the very last paragraph, this is the important one, the resulting absence of credibility of his report of events and service leads the Board to conclude that his reports in support of his claims of injuries, which are not corroborated by the contemporaries reports that are in the record, are not credible. And so what the Board is saying here is that what they have before them does not support what he says is the severity of his injuries. The Board did not... But did he say in any testimony that there are records that are missing that you need to take a look at? He did not, Your Honor, but he doesn't have to. Because the Board, I'm sorry, the Secretary has a legal obligation to assist when there are potentially outstanding, relevant records. And what his testimony suggests is that... But doesn't there have to be some suggestion that there are potentially outstanding records? Or is the Board supposed to surmise the presence of such evidence in every case? Well, that is not the legal question here, Your Honor. The answer is that there needs to be something there. True. But what the Board did here was they didn't make any findings at all. And what the... Because the Veterans Court found that that issue wasn't raised to the Board. And they... I'm having... I understand your argument. Here's my problem, is the legal argument you're making is only going to come up in cases where the duty to assist argument wasn't explicitly raised to the Board, right? For the most part. If it's raised to the Board, the Veterans Court can't say it wasn't raised to the Board. And if they do, that's error. That's easy. But when it's raised to the Veterans Court for the first time, as you argue here, I'm not sure what line you're trying to draw. Because I think you agree that the Veterans Court can decide this issue wasn't sufficiently raised on the record. It doesn't... I agree. It doesn't have to be by the Veteran. It just has to be raised by the record, particularly duty to assist issues. And so the Veterans Court has to be able to do that sometimes, can't it? Otherwise, if a Veteran has not raised a duty to assist argument to the Board, the Board didn't see one, and you go up on appeal for the first time and say duty to assist, if that's fact-finding for the Veterans Court to say it wasn't raised below, then you're automatically going to be able to get a remand on a duty to assist every time. And I don't think you're arguing for that. Not at all, Your Honor. How are you going to explain to me what impermissible fact-finding of the Board to say this wasn't raised and what's permissible to say it was raised? So again, comparing Stinson and Golden, I think that that gives a clear delineation between what the Court can and cannot do. When the Court is merely making observations, like they did in Golden, about the record... About what the record raises. Or in the first instance in that case where they're just summarizing, is my word, for what the Board actually said in its finding, that's not fact-finding. That's just making a comment about the record. But in Stinson, what the Court did was look at an issue that's debatable and said, we're going to weigh the evidence and we're going to say that what he said does not suggest that there's additional records out there. And we think that it does. And again, by testifying that he was held for medical observation for two months, something had to have happened during that time period. And whether there was... I'm still confused because what they're looking at, they're looking at the whole record and saying, is there any indication in this record that the duty to assist argument was implicated? They're going to have to opine upon that somehow. And my only argument from you is that his testimony raised it. Right, Your Honor. But you're going to say that every time on a duty to assist case. I know you're not going to admit that this rule you're asking for is going to basically say, if you raise a duty to assist argument on the first time, the Veterans Court can't actually determine whether it raised at the Board. But the line you're drawing makes no sense to me. What you just said to me... I mean, first of all, I don't think we have jurisdiction to review this question at all because it's a question of what the Veterans Court factually found the record raised. That's a whole different question. I think the rule of law you're asking for is still problematic because I can't decide any circumstance where you go to the Veterans Court and say, duty to assist was violated. And it's violated because this testimony or this document shows that there should have been a duty to assist. In rejecting that and saying it wasn't raised, the Board is going to have to respond to that argument. And you're every time going to say that's a fact question not for the Veterans Court. I don't think so, Your Honor. Had the Board here said that generally the veteran is not credible, then we wouldn't be here. Then they wouldn't be responding to your arguments. Well, the court certainly would. The court would say that your testimony is not credible. And so anything you said doesn't tell us anything. They can rely on that fact even under Tadlock and Stinson to say we're going to affirm based on this finding that the Board made. And I think Chenery supports that analysis as well. Or the Board could have said these records are complete. Or they could have said nothing the veteran says indicates that there's anything else out there. We've run through your rebuttal. I'm over a story. Let's hear from the government now. May it please the Court. The Veterans Court appropriately assessed the record in order to make a determination as to whether a duty to assist in locating potential service treatment records was reasonably raised by the veteran or the record. And this Court's precedent in Robinson, Stinson, and most recently and most on point, Golden, has already recognized that the Veterans Court can conduct this type of review in determining whether an issue was reasonably raised such that the Board was required to respond to it. Any further inquiry into the Veterans Court's actual determination as to whether the duty to assist was reasonably raised, of course, would be an issue outside this jurisdiction. Can you give me, I'm really struggling with this. Can you give me an example, maybe you can't, of where the duty to assist is raised for the first time in the Veterans Court. And the Veterans Court in saying it wasn't raised below makes an improper factual finding. I can't think of a scenario off the top of my head. I'm not sure that there's no situation in which one could exist. I suppose the Veterans Court could make some sort of factual finding about the relevancy of a certain document. But in order to make that factual finding in the first place, there would have had to been a document identified or it could have maybe stated that there was... I mean, this is my problem because I think that Mr. Del Paco is trying to draw a line and I don't understand where that line is. And I fear that there is no line and that his rule is going to swallow up our prior precedent that allows the Veterans Court to determine whether something's raised below or not. And that's something, even in the veterans context, which is very pro-veteran and you have to read things in the veterans favor, it's an appellate court. It's still allowed to decide this issue wasn't raised below. We don't have the authority to hear it. I agree with Your Honor. And as we pointed out in our response brief, accepting Mr. York's view would, as Your Honor just pointed out a few minutes ago, would lead to a result where anytime a claimant ever said to the Court of Appeals for the Veterans claims that the board should have discussed an issue, including a duty to assist issue, it would basically lead to an automatic remand. Because how is the Veterans Court supposed to decide whether a duty to assist issue or any issue was reasonably raised below if it's not allowed to review the record in doing so? And make a determination about what the record raises.  The veteran's going to win a lot of these cases, even if it wasn't explicitly raised, because they're going to say, oh yeah, I mean, the board should have understand when he was talking about these visits to the hospital or something like that, that there's records attached to them. Sure. Could have done that here. And certainly, there are cases, I'm sure, that don't come before this court where that sort of thing has happened. And even where the Veterans Court has said that it wasn't reasonably raised, the veteran is not completely out of luck. It could file a supplemental claim, for example, further addressing that issue explicitly to VA and the board. But again, here, all the Veterans Court did was take Mr. York's testimony that he was held at for around two months after his incident on the Roosevelt. And that statement was in the hearing testimony. And the Veterans Court didn't assess any weight to it, or it didn't make a credibility finding. It accepted that statement at face value. And as Judge Stoll pointed out, it said that, OK, taking this statement at face value and taking into context the fact that there were already medical records from Portsmouth and Norfolk, which I don't know how familiar you are with the area, but they're essentially the same thing. And the veteran actually recognized that in front of the board, that there were already medical records on the record of proceedings from these areas in the same time frame that Mr. York was talking about. And so I don't think anything here constitutes improper de novo fact finding. Rather, it is similar to what happened in Golden, where in that case, the veteran argued that the board should have construed that there was a secondary service connection for hearing loss reasonably raised. And the Veterans Court cited a piece of evidence on the record and said that it didn't consider that evidence to be reasonably raising the issue. This is not a situation like Stinson, where the Veterans Court made a finding that is for the VA regarding whether in-service symptoms were service connected or the location of a lesion on Mr. Stinson's body and the relevance of the location of that. And again, Stinson expressly condoned the type of activity that's at place here, which is that the Veterans Court not only can but must review the record in order to determine whether an argument was reasonably raised. I'm happy to answer any other questions the court might have. Otherwise, we respectfully request that this court dismiss or affirm. Thank you. Thank you, Your Honor. So in Golden, I just want to clarify that that was not about a reasonably raised issue as far as I read it. They were just looking at the court synthesizing, as the court termed it, what the board had already done. We do recognize the challenge with this case, but we want to emphasize a few things. Congress was unambiguous that any fact-finding has to be done by the agency. The Veterans Court can identify undisputed facts. They can rely on other fact-finding made by the agency to support its determination that it was or was not reasonably raised. What fact-finding was done here by the Veterans Court? That's what it boils down to, Your Honor. We believe that what the Veterans Court engaged in was fact-finding. Clearly, they were reviewing the record. They were reviewing the record, Your Honor. But I don't find any place where they made a factual finding. And again, page 14 of the appendix. 410? 14. Sorry, Your Honor. 1-4. That last paragraph right after the cite to Robinson v. Shinseki, the court says, the court is not persuaded that mention of this occurrence demonstrates that any records were generated in addition to the ones that the VA already has generated at Portsmouth were outstanding. That's simply an assessment of the record. It's not a fact-finding. I disagree, Your Honor. And that's where the dispute is here. The Secretary just asserted that that is not fact-finding. We think it is. They're looking at what he said. They're comparing it to the rest of the record. They're weighing both sides of it and coming to an ultimate conclusion that nothing else exists. And there's no supporting... No, they're coming to the conclusion that the record does not suggest that an argument about a duty to exist with other records exists. But it's resting, Your Honor... They're not making a factual finding that these documents don't exist. They're making the finding that the record doesn't reasonably disclose a duty to assist argument based upon that. There's a distinction. There is, Your Honor, but it rests upon the finding here that what he says does not suggest that there's anything else left for the VA to do, that there isn't something else out there. Okay. We understand your argument. That's the distinction. Thank you, Your Honor. Case is submitted.